IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| **PENN HIGHLANDS DUBOIS,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | 3:22-cv-88 |
| | : | |
| **THE JOINT COMMISSION,** | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION PURSUANT TO F.R.C.P. 65**

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff Penn Highlands DuBois (hereinafter "the Hospital") moves for a temporary restraining order and preliminary injunction, enjoining Defendant The Joint Commission (hereinafter "TJC") from enforcing the "Cease Testing Order" issued to the Hospital, directing it to cease blood gas / pO2 testing.  In support thereof, the Hospital avers as follows:

1.	The purpose of this Motion is to seek the Court's immediate intervention to prevent the withdrawal of needed and necessary health care from patients served by the Hospital.

2.	On April 21, 2021, TJC provided notice to the Hospital that it would be required to immediately cease the performance of blood gas testing in the Hospital's licensed clinical laboratory, for a period of not less than six (6) months.

3.	TJC's directive arose out of a circumstance where blood gas testing equipment supplied to the Hospital by a vendor had not achieved desired proficiency testing results.  No

patient harm resulted and the Hospital has not been cited by any regulatory agency as a result of these testing difficulties.

4. The Hospital identified the equipment failure as the cause of the concerns and replaced the equipment and vendor. In doing so, the Hospital immediately achieved and has continued to achieve the desired testing results.

5. Notwithstanding this successful corrective action, TJC has persisted in its directive that the Hospital cease blood gas testing.

6. The impact of this directive would be to interrupt and remove health care from the community for no purpose.

7. TJC is an independent agency that does not have the power to unilaterally sanction – without due process of law – licensed clinical laboratories.

8. The Hospital and its patient population will be irreparably harmed if TJC is permitted to enforce the "Cease Testing Order" issued to the Hospital, directing it to cease blood gas / pO2 testing.

9. The balancing of the harms weighs decidedly in the Hospital's favor, the Hospital is likely to succeed on the merits, and the public interest is served by maintaining the *status quo* until this Court rules on the merits of the Hospital's argument.

For the reasons set forth herein and in the Memorandum in Support of Plaintiff's Motion with accompanying Affidavits, the Hospital respectfully requests that the Court enter a temporary restraining order and preliminary injunction.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

Date: June 3, 2022

*/s/ Shannon Voll Poliziani*
Shannon Voll Poliziani, Esquire
PA ID No. 79832
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(412) 577-7400
E-mail:  svpoliziani@grsm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff Penn Highlands DuBois' Motion for Temporary Restraining Order and Preliminary Injunction has been served on Defendant's known counsel this 3rd day of June, 2022, via electronic mail, as follows:

KPankau@jointcommission.org
Kathleen Pankau, JD RN
Senior Assistant General Counsel
The Joint Commission
*Counsel for Defendant*

GORDON REES SCULLY MANSUKHANI LLP

*/s/ Shannon Voll Poliziani*
Shannon Voll Poliziani, Esquire
PA ID No. 79832
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(412) 577-7400
E-mail: svpoliziani@grsm.com